# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CCR/AG SHOWCASE PHASE I OWNER, L.L.C., ) | |
| ) | |
| Plaintiff, ) | Case No.  2:08-cv-00984-RCJ-GWF |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED ARTISTS THEATRE CIRCUIT, INC., ) | |
| ) | **Motion for Rule 37(c)(1) Sanctions** |
| Defendant. ) | **– #98** |
| _____ ) | |

This matter is before the Court on Plaintiff/Counterdefendant CCR/AG Showcase Phase I Owner, LLC's Motion for Rule 37(c)(1) Sanctions (#98), filed on March 30, 2010; Defendant/ Counterclaimant United Artist Theatre Circuit, Inc.'s Opposition to Plaintiff's Motion for Rule 37(c)(1) (#102), filed on April 14, 2010; and Plaintiff's Reply to Opposition to Motion for Rule 37(c)(1) (#`103), filed on April 28, 2010.  The Court conducted a hearing in this matter on May 11, 2010.

## BACKGROUND

Plaintiff/Counter-Defendant CCR/AG Showcase Phase I Owner, LLC (hereinafter "Phase I Owner")  seeks an order precluding Defendant/Counterclaimant United Artists from introducing evidence relating to its claim for lost profits damages based on its failure to timely disclose a computation of said damages as required by Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure.  The Court summarizes the facts relating to this motion as follows:

Phase I Owner owns and operates the Showcase Mall located adjacent to the MGM Grand Hotel & Casino on the Las Vegas Strip.  Defendant United Artists has operated a movie theater in the Showcase Mall under a lease with Phase I Owner or its predecessors since 1995.  Plaintiff

1  alleged in its Complaint, filed on July 30, 2008, that in or about March-April 2008, Defendant

2  United Artists wrongfully accused Plaintiff of breaching the lease by constructing a building on the

3  mall premises and removing the theater sign which adversely affected the operations of United

4  Artists' movie theater.  Plaintiff alleged that it was "informed and believes that UA anticipates the

5  Theatre will incur a loss of more than $800,000 by the end of the year." *Complaint (#1)*, ¶63.

6  Plaintiff further alleged that "[i]n an effort to manufacture a claim that Phase I Owner has

7  constructively evicted it from the Premises, UA now asserts that the New Building isolates the

8  Theatre from potential patrons and is, thereby, causing the significant financial loss being

9  suffered." *Id.*, ¶64.  Plaintiff alleged, however, that United Artists was fully informed of Plaintiff's

10  building plans before construction began and had given approval to the construction, including the

11  removal and replacement of the theater sign, while the parties negotiated a lease modification.

12  Plaintiff further alleged that prior to construction, United Artists was already experiencing reduced

13  profits or operating losses due to competition from newer movie theaters with more modern

14  amenities. *Id.*, ¶60.

15         United Artists filed a motion to dismiss the complaint on September 5, 2008 on the grounds

16  that it failed to set forth the citizenship of the individual members of the Plaintiff limited liability

17  companies upon which diversity of jurisdiction depends.  On October 27, 2008, the Court ordered

18  the parties to submit a proposed discovery plan and scheduling order by November 6, 2008.  The

19  parties submitted separate discovery plans which stated that they conducted a Rule 26(f) conference

20  on October 7, 2008.  The Court thereafter entered a discovery plan which provided a discovery cut-

21  off date of March 4, 2009.  *Order (#25)*.  On February 18, 2009, the Court extended the discovery

22  cut-off date to July 17, 2009.  The District Judge denied Defendant's motion to dismiss on April

23  29, 2009, subject to Plaintiff filing an amended complaint to identify the citizenship of the

24  individual members of the limited liability companies.

25         Plaintiff filed its First Amended Complaint (#30) on May 13, 2009.  Defendant United

26  Artists filed its Answer to First Amended Complaint and Counterclaim (#35) on May 29, 2009 and

27  Plaintiff filed its Reply to Counterclaim (#37) on June 18, 2009.  United Artists alleged in its

28  counterclaim that Phase I Owner breached the lease by failing to provide United Artists' theater

2

customers with free parking validation.  As a result of this breach, United Artists alleged that it is entitled to terminate the lease and recover the parking fees for the periods in which Plaintiff/ Counter-defendant "has not provided free parking validation, and damages to be proved at trial." *Counterclaim (#35)*, ¶7.  This claim and the damages allegedly recoverable thereon are not at issue in this motion.  United Artists also alleged a counterclaim for constructive eviction and stated that it "is entitled to all remedies provided by the Lease and applicable law, including a declaration that UA has been constructive (sic) evicted and recovery of an amount of damages to be proved at trial." *Id.*, ¶ 17.  The prayer for relief asks for "an award of damages in an amount to be determined at trial." *Id.*, page 20.  On May 21, 2009, shortly before United Artists filed its answer and counterclaim, the Court extended the discovery cut-off date to September 15, 2009.  As set forth in the parties' stipulation, this discovery extension took into account "the effect of any potential counterclaims that may be asserted by UA. . . ." *Stipulation & Order to Modify Discovery Plan and Scheduling Order (#33)*, ¶7.

On July 17, 2009, United Artists served its Rule 26(a)(2) Disclosures and Supplemental Disclosures in which it identified Michael L. Campbell, Executive Chairman, Regal Entertainment Group as an expert witness.  *See Plaintiff's Motion for Rule 37(c)(1) Sanctions (#98)*, Exhibit "19." The disclosure stated that Mr. Campbell "has knowledge of UA's damages and UA's strategic and business plans for the Showcase Theatre."  United Artists further stated that Mr. Campbell "will also offer testimony as an expert witness regarding the bases for UA's claims of constructive eviction and damages and is hereby so disclosed under Rule 26(a)(2)."

On August 12, 2009, Plaintiff filed a motion to compel discovery which included a request that United Artists be required to provide a written report by Mr. Campbell in accordance with the requirements of Fed.R.Civ.Pro. 26(a)(2)(B).  *See Motion (#45).*  United Artists opposed this part of Plaintiff's motion on the grounds that Mr. Campbell is not a retained or specially employed expert or an employee of defendant whose duties regularly involve giving expert testimony and therefor was not required to provide a written report. *Opposition (#50)*, pp. 10-11, filed on August 31, 2009.  Plaintiff filed its reply (#54) in support of the motion to compel on September 14, 2009.  On September 17, 2009, the Court granted a further discovery extension to October 1, 2009 for the

1    parties to complete deposition discovery in view of the pending motion to compel. *Stipulation &*

2    *Order (#59)*, ¶8.[1]

3    On September 28, 2009, the Court ordered United Artists to provide a written report by Mr.

4    Campbell in accordance with Rule 26 (a)(2)(B). *Minutes of Proceedings (#64).* The Court

5    concluded that even if Mr. Campbell is not the type of expert witness from whom a written report is

6    required under Rule 26(a)(2)(B), the Court has the discretion to order him to provide a written

7    report.[2] United Artists subsequently served a report signed by Mr. Campbell on November 2, 2009

8    in which it asserted that as an employee of Defendant, Mr. Campbell would only provide lay

9    opinion testimony under Fed.R.Evid. 701 and that Defendant would not call him as an expert

10   witness within the meaning of Fed.R.Evid. 702. *Motion for Rule 37(c)(1) Sanctions (#98)*, Exhibit

11   "21." The report then set forth the topics on which Mr. Campbell would testify, including his

12   knowledge of the motion picture theater industry, the relative importance of various amenities to a

13   movie theater's success, and the adverse affect that Plaintiff's building construction had on the

14   operation of the subject theater. In regard to United Artists' alleged damages for constructive

15   eviction, the report stated that Mr. Campbell was expected to testify about "a reduction in the value

16   of the leasehold interest maintained by UA from the effect of Landlord and its affiliates'

17   construction through the termination date of the Lease." *Id.*, p. 6.

18   . . .

19

20   [1] Plaintiff's August 12, 2009 motion to compel also sought an order compelling United
21   Artists to produce documents in response to Plaintiff's requests for production relating to the
     operation, revenues, expenses, and profits and losses of Defendant's theater. Defendant had
22   objected to many of the requests, both before and after it filed its counterclaim, on the grounds that
     the requested documents were not relevant to the claims or defenses pled in the complaint or
23   counterclaim. The parties acknowledge that most of the documents were produced in early
     November, 2009 following conferences between counsel, and after Plaintiff had taken the
24   depositions of United Artists' personnel. Plaintiff states that it was only able to obtain production
25   of some of the documents after confirming their existence during the depositions of Defendant's
     key personnel.
26

27   [2] The 1993 Amendments to the Advisory Committee Notes regarding Rule 26(a) state that
28   "[b]y local rule, order, or written stipulation, the requirement of a written report may be waived for
     particular experts or imposed on additional persons who will provide opinions under Rule 702."

1         On November 30, 2009, Plaintiff filed a motion to compel United Artists to provide an

2    amended expert report by Mr. Campbell. *Motion to Compel Amended Expert Report (#80).*

3    Plaintiff noted that Mr. Campbell's report did not quantify the amount of damages he claims UA

4    has suffered, did not set forth the facts and rationale underlying his damages opinions, and did not

5    set forth the data or other information he considered in forming his opinions. *Id.*, pp. 9-10.   In its

6    opposition to Plaintiff's motion, filed on December 18, 2009, United Artists reiterated that Mr.

7    Campbell would not be testifying as an expert witness under Fed.R.Evid. 702, but would instead be

8    providing lay opinions pursuant Fed.R.Evid. 701, including his opinions on damages, and therefore

9    United Artists was not required to provide a written report by Mr. Campbell pursuant to

10   Fed.R.Civ.Pro. 26(a)(2)(B) or pursuant to this Court's previous order on September 28, 2009.

11        On December 18, 2009, United Artists also served "Counter-Plaintiff's Rule

12   26(a)(1)(A)(iii) Disclosures. *Motion for Rule 37(c)(1) Sanctions (#98)*, Exhibit "4."   Section 2 of

13   this Disclosure provided a computation of United Artists' damage claim for "lost profits" based on

14   a comparison of the "Theatre Level Cash Flow (TLCF)" for the twelve month period prior to

15   commencement of the building construction versus the TLCF for the time period after completion

16   of the construction.   According to United Artists, its profit for the year preceding construction was

17   $203,914.   It sustained a loss of $492,259 for the year after completion of the construction which it

18   claims equates to a "gross loss per annum of $696,173."   United Artists then multiplies that

19   amount by the remaining ten years on the leasehold interest-- resulting in a claim for loss of profits

20   in the amount of $6,961,730, to be further adjusted at the time of judgment by the addition of

21   prejudgment interest and the reduction to present value.   As documentary support for this loss of

22   profits computation, United Artists referred to the TLCF reports that it previously provided to

23   Plaintiff on June 29, 2009, and additional TLCF reports for the period May 2009 through October

24   2009 attached to its Disclosure.

25        On January 8, 2010, the Court conducted a hearing on Plaintiff's motion to compel United

26   Artists to provide an amended expert report.   Given United Artists' representation that Mr.

27   Campbell would testify only as a lay witness under Fed.R.Evid. 701, the Court stated that Plaintiff

28   should depose Mr. Campbell regarding his expected testimony, including his "lay opinions."   The

1
2
3
4
5
6
7

Court further stated that if, as a result of that deposition, there still remained issues as to whether
United Artists or Mr. Campbell is attempting to provide expert testimony under Rule 702, then
Plaintiff could renew and supplement its motion.  The Court also stated that Plaintiff would be
permitted to designate a rebuttal expert in response to Mr. Campbell's opinions, but that the
deadline for doing so would be held in abeyance until Mr. Campbell's deposition is taken.  The
Court directed the parties to notify the Court of the status of the motion and/or the designation of
additional witnesses after Mr. Campbell is deposed.  *Minutes of Proceedings (#90)*.

8
9
10
11
12
13
14
15
16
17
18

        The Court anticipated that Plaintiff would take Mr. Campbell's deposition soon after the
January 8, 2010 hearing.  When this did not occur, the Court scheduled a further status hearing on
March 11, 2010.  At that hearing, the Court was informed that there were some personal issues
which necessitated the postponement of Mr. Campbell's deposition.  The Court directed the parties
to submit a further stipulation to extend the deadline for completing Mr. Campbell's deposition and
other expert witness discovery.  *Minute of Proceedings (#94)*.  The parties submitted their
stipulation on March 26, 2010 which required to Plaintiff to take Mr. Campbell's deposition on or
before May 31, 2010 and to complete discovery relating to expert testimony by June 14, 2010.  On
March 30, 2010, the Court approved this stipulation and reset trial in this case for September 21,
2010.  *See Orders (#96 and #97)*.  That same day, Plaintiff filed the instant *Motion for Rule
37(c)(1) Sanctions (#98)*.

19

## DISCUSSION

20
21

        Rule 26(a)(1)(A)of the Federal Rules of Civil Procedure states that a party must, without
awaiting a discovery request, provide to the other parties:

22
23
24
25

                (iii)     a computation of each category of damages claimed by the
                          disclosing party-- who must also make available for
                          inspection or copying as under Rule 34 the documents or
                          other evidentiary material, unless privileged or protected from
                          disclosure, on which each computation is based, including
                          materials bearing on the nature and extent of the injuries
                          suffered . . .

26
27
28

        Rule 26(a)(1)(C) requires the parties to make their initial disclosures within 14 days after
their Rule 26(f) conference.  Rule 26(a)(1)(E) further states that a party must make its initial
disclosures based on the information then reasonably available to it.  A party is not excused from

1    making its disclosures because it has not fully investigated the case or because it challenges the

2    sufficiency of another party's disclosures or because another party has not made its disclosures.  A

3    party must also supplement or correct its initial disclosure "in a timely manner if the party learns

4    that in some material respect the disclosure or response is incomplete or incorrect, and if the

5    additional or corrective information has not otherwise been made known to the other parties during

6    the discovery or in writing."  Rule 26(e)(1)(A).

7            In *City and County of San Francisco v. Tutor-Saliba Corporation*, 218 F.R.D. 219

8    (N.D.Cal. 2003), the court, citing the 1993 Amendments to the Advisory Committee Notes, stated

9    that a plaintiff should provide its computation of damages in light of the information currently

10   available to it in sufficient detail so as to enable the defendants to understand the contours of their

11   potential exposure and make informed decisions regarding settlement and discovery.  *Id.*, at 221.

12   The court further stated that the word "computation" contemplates some analysis beyond merely

13   setting forth a lump sum amount for a claimed element of damages.  A computation of damages

14   may not need to be detailed early in the case before all relevant documents or evidence has been

15   obtained by the plaintiff.  As discovery proceeds, however, the plaintiff is required to supplement

16   its initial damages computation to reflect the information obtained through discovery.  *Id.*, at 222.

17   The party seeking damages must also timely disclose its *theory* of damages as well as the

18   computation of those damages.  *24/7 Records, Inc. v. Sony Music Entertainment, Inc.*, 566

19   F.Supp.2d 305, 318 (S.D.N.Y. 2008).

20           In *Design Strategy, Inc. v. Davis*, 469 F.3d 284 295-96 (2nd Cir. 2006), the Second Circuit

21   stated that Rule 26(a)(1)(A)(iii) requires more than the production of undifferentiated financial

22   statements.  In that case, the plaintiff's complaint and initial disclosure made no reference to a

23   claim for lost profits damages.  The plaintiff did not notify defendants that it was making a claim

24   for lost profits until shortly before trial when it listed two witnesses, one of whom it identified as an

25   expert witness, who would testify about lost profits.  In response to defendant's motion to exclude

26   the lost profits claim, the plaintiff asserted that it had previously produced financial documents

27   from which its lost profits claim could be determined by simple arithmetic.  In affirming the trial

28   court's order excluding lost profit damages testimony, the Second Circuit stated:

7

The need for computation and supporting documents is especially necessary in a case like this, where the damages claim is for lost profits from a project of a type which the plaintiff had little-to-no prior experience. Design's "simple arithmetic" calculation is wholly inadequate as a measure of damages, given that it is undisputed that in order to perform on the project, Design would have had to establish an entirely new computer lab and hire all new personnel in the space of two weeks. At the late point in the proceedings when Design disclosed that it would be presenting lost-profits witnesses, much greater detail than previously provided would have been necessary to satisfy Rule 26(a). *See City and County of San Francisco v. Tutor-Saliba Corporation*, 218 F.R.D. 219 (N.D.Cal. 2003) (recognizing that Rule 26(a)(1)(c) anticipates supplemental disclosures with ever-greater level of detail as discovery progresses).

*Id.*, at 295.

The Second Circuit also cited with approval the district judge's statement that plaintiff could not shift to defendant the burden of attempting to determine the amount of the claimed damages from the documents that were produced without any explanation of plaintiff's lost profits claim. *Design Strategy,* 469 F.3d at 294-95.

In *Frontline Medical Associates, Inc. v. Coventry Health Care*, 263 F.R.D. 567, 569 (C.D.Cal. 2009), the court defined a claim for lost profits as follows: "Net profits are gains made from sales 'after deducting the value of labor, materials, rents and all expenses", together with the interest of the capital employed." (internal citation omitted.) Citing both *Design Strategy* and *Tutor-Saliba*, the court reiterated that a plaintiff seeking damages for lost profits cannot simply produce financial statements without explanation. The court also stated, however, that the precise method of calculation need not be disclosed to the extent the method is properly the subject of expert testimony and the parties will be turning over expert testimony in the future. Future expert analysis, however, does not relieve the plaintiff of its obligation to provide information reasonably available regarding gross revenues, expenses, and any other component of its lost profits computation. *Frontline*, 263 F.R.D. at 569-70. The court held that plaintiff had not adequately provided a computation of its lost profits claim because it had only provided information about lost revenues.

Rule 37(c)(1) states that if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is

1    harmless.  The rule also states that "in addition to or instead of this sanction," the court may order

2    payment of reasonable expenses, including attorney's fees caused by the failure, may inform the

3    jury of the party's failure and may impose other appropriate sanctions, including any of the orders

4    listed in Rule 37(b)(2)(A)(i)-(v).  The burden is upon the disclosing party to show that the failure to

5    disclose was justified or harmless.  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101,

6    1107 (9th Cir. 2001) (involving failure to timely disclose expert witness under Rule 26(b)(2)).

7         In *Hoffman v. Construction Protection Services*, 541 F.3d 1175 (9th Cir. 2008), the plaintiffs

8    sought recovery of damages for all plaintiffs in a collective action under the Fair Labor Standards

9    Act (FLSA).  The lead plaintiffs failed to provide a computation of damages for the opt-in

10   plaintiffs, either individually or as a group, before the pretrial conference.  Based on this failure, the

11   court granted defendant's motion in limine to exclude damages evidence regarding the opt-in

12   plaintiffs.  In affirming the trial court's order, the Ninth Circuit noted that under Rule 37(c),

13   exclusion of evidence not disclosed is appropriate unless the failure to disclose was substantially

14   justified or harmless.  *Hoffman* stated that the failure to disclose the damage computation until

15   shortly before trial was neither justified nor harmless because:

16            Later disclosure of damages would have most likely required the
             court to create a new briefing schedule and perhaps re-open
17            discovery, rather than simply set a trial date.  Such modifications to
             the court's and the parties' schedules supports a finding that the
18            failure to disclose was not harmless.  *See Wong v. Regents of the
             Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005) *as amended*.
19

20   *Hoffman*, 541 F.3d at 1180.

21         The court also held that the trial court was not required to make a finding of willfulness or

22   bad faith to exclude damages evidence or witnesses based on failure to comply with Rule 26(a).

23   *Hoffman*, at 1180, citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th

24   Cir. 2001).

25         Nor is exclusion necessarily predicated on a late disclosure made shortly before trial.  In

26   *Wong v. Regents of the Univ. of Cal.*, the court upheld the exclusion of plaintiff's expert witnesses

27   who were first disclosed in response to the defendant's motion for summary judgment.  In

28   affirming the order excluding the expert's testimony, the court stated that if plaintiff had been

9

permitted to disregard the expert witness disclosure deadline, the rest of the schedule laid out by the
court months in advance would have been disrupted.  Plaintiff's failure to timely disclose his expert
witnesses was therefore not harmless.

Rule 37(c)(1) does not, however, require the district court in all instances to exclude
evidence or testimony as a sanction for late disclosure that is neither justified or harmless.  In
*Design Strategy, Inc. v. Davis*, the court held that the district court erred in holding that "preclusion
is mandatory" under Rule 37(c)(1) and that the court does not have discretion to impose other less
drastic sanctions.  The court noted that although language in the Advisory Committee Notes, and
decisions from the First and Seventh Circuits, *Wilson v. Bradlees of New England, Inc.*, 250 F.3d
10 (1st Cir. 2001) and *Findley v. Marathon Oil Co.*, 75 F.3d 1225 (7th Cir. 1996), support this
reading of Rule 37(c)(1), it cannot be squared with the plain language of the rule:

> Rule 37(c) itself recognizes that "[i]n addition to *or in lieu of* this
> [preclusion] sanction, the court, on motion and after affording an
> opportunity to be heard, may impose other appropriate sanctions."
> Thus, the plain text of the rule provides that if an appropriate motion
> is made and a hearing has been held, the court does have discretion to
> impose other, less drastic sanctions.

*Design Strategy, Inc. v. Davis*, 469 F.3d at 298.

*Design Strategy* states that in exercising its discretion the court must consider the following
factors:  (1) the party's explanation for the failure to comply with the disclosure requirement, (2)
the importance of the excluded evidence or testimony, (3) the prejudice suffered by the opposing
party as a result of having to meet new evidence and (4) the possibility of a continuance.  *Id.* at 296.
Although the district court erred in stating that the preclusion sanction is mandatory, the Second
Circuit affirmed the exclusion based on the foregoing factors, and particularly in view of the fact
that plaintiff did not disclose its damages theory and witnesses until the pretrial conference.

The Ninth Circuit has also identified factors that the district court should consider in
deciding whether to impose Rule 37(c)(1)'s exclusion of evidence sanction.  *Wendt v. Host
International, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997), states that the court should consider the
following:  (1) the public's interest in expeditious resolution of litigation, (2) the court's need to
manage its docket, (3) the risk of prejudice to the other parties, (4) the public policy favoring

10

1    disposition of cases on their merits, and (5) the availability of less drastic sanctions. Although a

2    finding of willfulness or bad faith is not required in order to impose the exclusion of evidence

3    sanction, *Yeti by Molly, supra*, this presumably is also a factor that the court may consider in

4    determining the severity of the sanction that should be imposed.

5            District courts in the Ninth Circuit continue to follow *Wendt*. In *AZ Holding, L.L.C. v.*

6    *Frederick*, 2009 WL 2432745 (D.Ariz. 2009) *5, for example, the court stated that "[i]f . . . a

7    district court is inclined to strike a party's expert witness as a sanction due to the untimely

8    disclosure of the expert or expert's report, the Ninth Circuit instructs that district courts consider

9    the following factors: (listing *Wendt* factors)." *See also Park v. Cas Enterprises, Inc.*, 2010 WL

10   55888 (S.D.Cal. 2010) *4 (noting that the Ninth Circuit gives the district courts wide discretion to

11   issue sanctions under Rule 37(c)(1)); *Galentine v. Holland America Line--Westours, Inc.*, 333

12   F.Supp.2d 991, 995 (W.D.Wash. 2004) (applying *Wendt* factors and holding that prejudice to

13   defendant from late expert witness disclosure was not so severe as to warrant exclusion and the

14   court could remedy harm by granting a limited extension of discovery); *F.D.S. Marine, LLC v.*

15   *Brix Maritime Co.*, 211 F.R.D. 396, (D.Or. 2001) (holding that incomplete expert disclosure did

16   not warrant exclusion under the *Wendt* factors); and *Lindner v. Meadow Gold Dairies, Inc.*, 249

17   F.R.D. 625, 642 (D.Haw. 2008) (concluding that exclusion of expert's late disclosed opinion was

18   warranted under the *Wendt* factors).

19           As *Hoffman* and *Design Strategy* demonstrate, courts are more likely to exclude damages

20   evidence when a party first discloses its computation of damages shortly before trial and

21   substantially after discovery has closed. In *CQ Inc. v. TXU Mining Company*, 565 F.3d 268 (5th

22   Cir. 2009), the Fifth Circuit also upheld the exclusion of evidence in support of various damage

23   calculations or theories that were not disclosed until shortly before trial. *See also 24/7 Records v.*

24   *Sony Music Entertainment*, 566 F.Supp.2d 305, 318 (S.D.N.Y. 2008) (excluding evidence in

25   support of a damage theory that was first disclosed in the joint pretrial order) and *Green Edge*

26   *Enterprises, LLC v. Rubber Mulch Etc. LLC*, 2009 WL 1383275 (E.D.Mo. 2009) (party was barred

27   from introducing evidence on a damages theory that was disclosed less than three weeks before

28   trial). On the other hand, the courts are likely to be more lenient if the delay is not substantial and

1    any harm can be rectified by a limited extension of discovery.  In *Frontline Medical Associates,* the

2    court denied Rule 37(c) sanctions because the discovery period had recently been extended.  The

3    court stated that "[h]armlessness may be established if a disclosure is made sufficiently in advance

4    of the discovery cut-off date to permit the opposing party to conduct discovery and defend against

5    the damages claims." 263 F.R.D. at 570.  In *Galentine v. Holland America Line--Westours, Inc.*,

6    333 F.Supp.2d at 995, the court also declined to impose the exclusion sanction where the expert

7    report was untimely, but there was sufficient time in which to complete necessary additional

8    discovery before the scheduled trial date.

9        In this case, United Artists was under no duty to provide a computation of damages prior to

10   filing its counterclaim on May 29, 2009.  It was, however, required to serve a computation of

11   damages within a reasonable time thereafter.  United Artists acknowledges that it intended to assert

12   a counterclaim for damages if and when its motion to dismiss was denied.  That motion was

13   pending for approximately six months.  United Artists should therefore have been able to provide

14   an adequate description and computation of its claim for lost profits damages shortly after it filed

15   the counterclaim.  United Artists did not provide a computation of damages until December 18,

16   2009.  Under any reasonable interpretation and application of Rule 26(a) and (e), United Artists'

17   disclosure of its damages computation was untimely.  The burden therefore falls upon United

18   Artists to show that its failure provide a timely computation of damages was substantially justified

19   or harmless.

20       United Artists has failed to show that its conduct was substantially justified.  Prior to

21   December 18, 2009, United Artists avoided providing any substantive description of its alleged

22   damages for constructive eviction--including a statement of its theory of damages.  On July 17,

23   2009, United Artists disclosed Mr. Campbell as its expert witness, but provided no information

24   about the nature or substance of his opinions.  After the Court ordered United Artists to provide a

25   written report from Mr. Campbell, United Artists provided a report on November 2, 2009 which

26   discussed Mr. Campbell's background and the subjects on which he intended to testify, but did not

27   disclose his actual opinions or the basis thereof.  Instead of complying with the Court's order,

28   United Artists now took the position that Mr. Campbell would only testify as a lay witness under

12

1   Rule 701 and Defendant therefore was not required to comply with Rule 26(b)(2)(B) or this Court's

2   previous order.  The report stated that Mr. Campbell is expected to testify that United Artists'

3   damages include "a reduction in the value of the leasehold interest maintained by UA from the

4   effect of Landlord and its affiliates' construction through the termination date of the Lease."  This

5   vague statement did not indicate that Mr. Campbell will testify regarding damages for lost profits.

6        Even if United Artists was not required to provide a written expert report by Mr. Campbell

7   because he is no longer being offered as an expert witness, this did not justify Defendant in waiting

8   another month and a half before finally providing a computation of its claim for lost profits

9   damages.  Defendant's December 18, 2009 computation consists of nothing more than the

10  difference between its net profit for the 12 month period prior to the commencement of building

11  construction and its net loss for the 12 month period following the completion of construction,

12  which it then multiplies by the 10 years remaining on the lease.  This computation is not so

13  complex that it could not reasonably have been disclosed much earlier in discovery.  Even if United

14  Artists could not provide a "final" lost profits damages amount prior to November 1, 2009, it

15  should have disclosed that it was seeking lost profit damages and described the method(s) by which

16  it intended to calculate those damages.  United Artists also failed to timely produce documents

17  relating to the theater's revenues, expenses and past profits or losses.  Defendant did not produce

18  most of these documents until early November, 2009, after the discovery deadline and after

19  Plaintiff had already deposed its key personnel.

20       United Artists also cannot show that its failure was harmless.  Plaintiff has been deprived

21  of the opportunity to conduct discovery to investigate and evaluate United Artists' lost profits

22  damages claim.  In this regard, Plaintiff did not have the opportunity to examine United Artists' key

23  personnel about this claim during their depositions.  Unless Plaintiff is afforded additional time and

24  opportunity to conduct discovery on this claim, including expert analysis and opinion, it will be

25  materially prejudiced in its ability to defend against this claim.  The Court is also not persuaded that

26  simply permitting Plaintiff to take Mr. Campbell's deposition will rectify the harm.  His testimony

27  about the lost profits claim, and the basis therefor is as yet unknown.  Plaintiff may be able to

28  challenge or rebut his testimony through other evidence or information.  The Ninth Circuit has

1   made clear that late disclosure of information required by Rule 26(a) is not harmless where it

2   requires discovery to be reopened and results in the postponement of dispositive motions or the trial

3   date.  *Hoffman v. Construction Protection Services*, 541 F.3d at 1180 and *Wong v. Regents of Univ.*

4   *of Cal.*, 410 F.3d at 1062.

5          Based on the circumstances of this case, an order barring United Artists from introducing

6   evidence in support of its claim for lost profits damages can be justified.  The fact that this sanction

7   can be imposed, however, does not necessarily mean that it should.  In *Valley Engineers Inc. v.*

8   *Electric Engineering Company*, 158 F.3d 1051, 1057 (9th Cir. 1998), the court stated:

9                  What is most critical for case-dispositive sanctions, regarding risk of
                   prejudice and of less drastic sanctions is whether the discovery
10                 violations "threaten to interfere with the rightful decision of the case.
                   (citation omitted).  While contumaciousness toward the court needs a
11                 remedy, something other than case-dispositive sanctions will often
                   suffice.
12

13         While exclusion of evidence in regard to a claim or an element of damages is not as severe

14  as the dismissal or default sanction, it is a substantial sanction.  The prejudice to Plaintiff resulting

15  from United Artists' untimely disclosure can be remedied by granting Plaintiff additional time to

16  conduct discovery and ordering United Artists to reimburse Plaintiff for the additional expense

17  caused by its dilatory conduct.  This remedy, however, comes at the cost of a further extension of

18  discovery and postponement of the pending September trial date.  The Court must therefore decide

19  whether the public policy favoring disposition of cases on their merits and the availability of less

20  drastic sanctions outweighs the delay that will result if United Artists is not precluded from

21  introducing evidence of lost profits damages.

22         Arguably, United Artists' only saving grace is that, unlike the plaintiffs in *Hoffman* or

23  *Design Strategy*, it did not wait until the eve of trial to disclose its damages computation.

24  Plaintiff's complaint also anticipated that United Artists would seek recovery of financial losses,

25  i.e., lost profits, resulting from its alleged constructive eviction.  The discovery undertaken by

26  Plaintiff appears to have focused, to some degree, on whether the theater's business was damaged

27  by the new building and the removal of the theater sign.  Therefore, while Plaintiff may have to

28  further depose some of Defendant's key personnel, obtain additional documents and a financial or

accounting expert's analysis and opinion on the alleged lost profits, this is not a situation in which an entirely new or unanticipated claim has been raised on the eve of trial.

During the January 8, 2010 hearing on Plaintiff's motion to compel United Artists to provide an amended expert report, Plaintiff's counsel advised the Court that Plaintiff would file a motion to exclude United Artists from introducing evidence of damages based on the late disclosure of its damages computation. *Transcript of Hearing on Plaintiff's Motion To Compel (#99)*, January 8, 2010, p. 8.[3]  Plaintiff's counsel also indicated, however, Plaintiff would potentially seek additional time to retain and designate a rebuttal expert to respond to United Artists' lost profits claim as well as to Mr. Campbell's deposition testimony. *Id.*, pp. 19-20.  On January 19, 2010, the Court granted the parties' stipulation to further extend the discovery deadline to take Mr. Campbell's deposition and for Plaintiff to designate a rebuttal expert witness, and to potentially allow additional time to complete expert discovery. *Stipulation & Order to Modify Discovery Plan and Scheduling Order (#92).*

While it is conceivable that the Court would have imposed the exclusion of evidence sanction if Plaintiff had promptly filed its motion for sanctions either before or after the January 8, 2010 hearing, it is more likely that the Court would have dealt with this issue as part of the extension of discovery relating to Mr. Campbell's deposition and Plaintiff's legitimate need to designate a rebuttal expert.  Had this occurred, at least part of the delay in moving this case forward might have been avoided.  The Court also notes that the late damages computation was not raised by Plaintiff during the subsequent March 11, 2010 status conference.  In view of the discovery posture of this case and the public policy favoring disposition of cases on their merits, the Court concludes that enforcement of the disclosure and discovery rules and deterrence of further violations by United Artists can be achieved through imposition of less severe sanctions than exclusion of its lost profits claim.

. . .

---

[3] Plaintiff raised the late disclosure of the damages computation in its *Reply to Opposition to Motion to Compel Amended Expert Report (#88)*, filed on January 6, 2010, but did not move, at that time, to exclude evidence of lost profits damages.

1    Although the Court elects to impose less severe sanctions than evidence exclusion, it finds

2    that United Artists and/or its counsel have been evasive and have engaged in apparent

3    gamesmanship by failing to timely and forthrightly disclose United Artists' lost profits damages

4    claim.  United Artists and its counsel are hereby warned that the Court will not tolerate any

5    continuation of such conduct.  The Court expects United Artists and its counsel (1) to reasonably

6    produce additional financial documents or information sought by Plaintiff that are relevant to

7    United Artists' alleged lost profits damages claim, (2) to reasonably cooperate with Plaintiff's

8    accountant-expert by making its financial records for the subject theater available for inspection,

9    (3) to make its personnel who have knowledge of its financial condition and/or alleged loss of

10   profits available for deposition and (4) to ensure that such persons, including but not limited to Mr.

11   Campbell, are adequately prepared to respond to questions regarding the theater's financial

12   condition and the factual basis for United Artists' loss of profits claim.   The Court reserves the

13   option of excluding evidence relating to United Artists' claim for lost profits and to impose

14   additional sanctions on both United Artists and its counsel, if they fail to comply with these

15   conditions.

16         The Court imposes the following sanctions in this case:  United Artists shall pay the court

17   reporter fees for Plaintiff to again take the depositions of previously deposed United Artists'

18   employees.   Plaintiff is also awarded the reasonable attorney's fees it will incur in preparing for

19   and conducting second depositions of these witnesses, instead of having been able to question them

20   on all relevant matters during their first deposition sessions.  The Court further awards Plaintiff its

21   reasonable attorney's fees in prosecuting the instant Motion for Rule 37(c)(1) Sanctions.

22   Accordingly,

23         **IT IS HEREBY ORDERED** that Plaintiff/Counterdefendant CCR/AG Showcase Phase I

24   Owner, LLC's Motion for Rule 37(c)(1) Sanctions (#98) is **granted** and Plaintiff/Counterdefendant

25   is awarded reasonable attorneys fees and costs in accordance with the foregoing provisions of this

26   order:

27         1.     Counsel for Plaintiff shall, no later than 14 days from the completion of discovery,

28   serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of

attorney's fees and costs incurred in the matters addressed in this order. The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

2.      Counsel for Defendant shall have 14 days from service of the memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

3.      Counsel for Plaintiff shall have 7 days from service of the responsive memorandum in which to file a reply.

**IT IS FURTHER ORDERED** that discovery in this case is extended until **August 13, 2010** for purposes of permitting Plaintiff to conduct further discovery regarding United Artists' claim for lost profits damages, including, but not necessarily limited to, deposing Defendant/ Counterclaimant's personnel in regard to such claim, designating an accountant or other expert witnesses to conduct an analysis and render expert opinions in response to Defendant/ Counterclaimant's claim. The Court will separately issue an amended scheduling order and order setting a new trial date.

DATED this 13th day of May, 2010.


_____
GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE