UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CCR/AG SHOWCASE PHASE I OWNER, L.L.C., <br><br> Plaintiff, <br><br> vs. <br><br> UNITED ARTISTS THEATRE CIRCUIT, INC., <br><br> Defendant. | Case No. 2:08-cv-00984-RCJ-GWF <br><br> **ORDER** <br><br> Memorandum of Costs and Fees in Support of May 13, 2010 Order Granting Motion for Sanctions (#129) |

This matter is before the Court on Plaintiffs CCR/AG Showcase Phase I Owner, L.L.C.'s Memorandum in Support of Court-Ordered Sanctions Against United Artists (#129), filed February 23, 2011. To date, Defendant has not filed an opposition to Plaintiff's memorandum and the time for response has now expired.

**BACKGROUND**

This matter arises out of Plaintiff's efforts to obtain an expert report from Defendant for Michael L. Campbell, the Executive Chairman of Regal Entertainment. (#106 at 3). On September 28, 2009, the Court granted Plaintiff's Motion to Compel Defendant to produce Campbell's expert witness report. (#64). In response to the Court's order, Defendant produced a report signed by Campbell that indicated he would only be testifying as a lay witness and would not testify in an expert witness capacity within the meaning of Fed.R.Evid. 702. (*See Campbell Report*, attached as Exhibit 21 to *Motion for Rule 37(c)(1) Sanctions* (#98)). The report also states that Campbell would testify about damages suffered by United Artists Theatre Circuit, Inc. ("United Artists"). (*Id.*)

. . .

On November 30, 2009, the plaintiff filed a second motion to compel, requesting that the Court order Defendant to produce an amended expert report from Campbell. (#80). Plaintiff CCR/AG Showcase Phase I Owner, L.L.C. ("CCR/AG") specifically cited that Campbell's report did not quantify the amount of damages that he claims United Artists had suffered, the rationale underlying his damages opinion or the information he considered in forming his opinion. (*Id.*) In response to the second motion to compel, Defendant reiterated that Campbell would only testify as a lay witness and would not offer any expert testimony under Fed.R.Evid. 702. (#84). On January 8, 2010, the Court conducted a hearing on Plaintiff's second motion to compel and ordered that Plaintiff should depose Campbell regarding his expected testimony given United Artists' representation that he would only testify as a lay witness. (*See Min. of Hearing*, #90).

The Court anticipated that Campbell's deposition would take place soon after the January 8, 2010 hearing. When this did not occur, the Court held a status conference with the parties, who informed the Court that personal issues had necessitated the postponement of the deposition. (*See Min. of Hearing*, #94). Plaintiff then filed its Motion for Rule 37(c)(1) Sanctions on March 30, 2010. (#98). The Court granted the motion for sanctions on May 13, 2010, finding that United Artists had not provided a timely and adequate description and computation of its claim for lost damages as required by Rule 26(a) and (e). (#106 at 12). The Court further found that United Artists was not substantially justified in its delay in providing the computation of damages and that the delay was not harmless to Plaintiff. (*Id.* at 14). As part of the award of sanctions, the Court ordered that Defendant would reimburse Plaintiff for costs and fees incurred in the effort expended to obtain Defendant's computation of damages, including any costs incurred in re-taking the depositions of United Artists' witnesses. (*Id.* at 16-17).

**DISCUSSION**

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must

calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

        Plaintiff CCR/AG requests reimbursement of attorneys' fees and costs at the following hourly rates: $530.00 an hour for the time of Douglass A. Mitchell, Esq. based on Mr. Mitchell's 20 years of litigation experience in federal and state court. (#129 at 3). After reviewing Plaintiff's Memorandum of Costs and Fees and the affidavit of Douglass A. Mitchell, Esq., the Court finds that the plaintiff has failed to offer sufficient evidence that $530 an hour in the Las Vegas legal market is reasonable, even for attorneys of such significant experience as Mr. Mitchell. The Court further finds that Plaintiff has failed to establish a reasonable hourly rate that Plaintiff should be able to charge for Mr. Mitchell's time. Drawing upon its own experience in considering the prevailing market rate, the Court therefore finds that a reasonable hourly fee in 2011 for the services of Mr. Mitchell is $400 per hour.

        Plaintiff requests reimbursement for 87.7 hours of attorney work based on time spent in preparing and arguing Plaintiff's motion for sanctions and the time spent re-taking the depositions of Neil Pinsker, Anthony Scarpaci and James DuBois. (#129 at 3-4). The records submitted by Plaintiff confirm that significant time was spent drafting the motion for sanctions, drafting the reply to Defendant's opposition to the motion for sanctions, appearing at the hearing on the motion for sanctions and re-taking the depositions of the three witnesses. (*Id.*) Based on the attorney hours billed, Plaintiff requests an award of fees in the amount of $46,481. (*Id.*) However, Plaintiff has not demonstrated that this work justifies 87.7 hours of attorney labor. The Court recognizes,

however, that Plaintiff would have spent a reasonable amount of time on these matters. Based on its own review of the memorandum of costs and fees and the affidavit of Mr. Mitchell, the Court finds that Plaintiff's calculation of 87.7 hours of attorney labor is excessive. The Court finds that the work involved in preparing the motion for sanctions and reply and arguing the motion should reasonably take around 14 hours of total attorney labor. And the work involved in preparing for and retaking the three depositions should reasonably take around 22.5 hours, resulting in a total of 36.5 hours of attorney labor.

As a result, based on the reasonable hourly rates discussed above, the Court will award attorneys' fees to the plaintiff in the amount of $14,600.00. The relevant Kerr factors are subsumed in this calculation of the reasonable attorneys' fees and there are no other exceptional circumstances which warrant enhancement or reduction of the fees.

The Court will also order that Defendant reimburse Plaintiff $2,055 for court reporter costs incurred in the retaking of depositions. Accordingly,

**IT IS HEREBY ORDERED** that Defendant United Artists is ordered to pay Plaintiff CCR/AG the total sum of **$16,655.00**. Defendant is further ordered to make the payment to Plaintiff by **June 27, 2011**.

DATED this 26th day of May, 2011.

_____
GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE